**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Gregory R. Kantor,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Monument Homes Realty & Investment, LLC,<br><br>　　　　　Defendant. | No. CV-08-1451-PHX-DGC<br><br>**ORDER** |

Plaintiff filed a complaint against Defendant asserting federal and state law claims based on Defendant's alleged failure to pay Plaintiff wages and commissions earned during his employment with Defendant. Dkt. #1. Defendant was served with process on August 12, 2008. Dkt. #5. Defendant has not answered or otherwise responded to the complaint. The Clerk entered Defendant's default. Dkt. #7. Plaintiff has filed a motion for default judgment seeking an award of nearly $300,000 in damages. Dkt. #9.

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court may consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy favoring a decision on the merits. *Eitel v. McCool*, 782

F.2d 1470, 1471-72 (9th Cir. 1986); *see Dolezal v. Fritch*, No. CV-08-1362-PHX-DGC, 2008 WL 4704300, at *1-2 (D. Ariz. Oct. 24, 2008). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.").

Plaintiff does not address the *Eitel* factors. Nor has he presented evidence establishing the monetary damages he seeks. Because Plaintiff has not met his default judgment burden, the Court will deny his motion without prejudice.[1]

**IT IS ORDERED** that Plaintiff's motion for default judgment (Dkt. #9) is **denied** without prejudice.

DATED this 16th day of January, 2009.

*Daniel G. Campbell*
David G. Campbell
United States District Judge

---

[1] Plaintiff's motion does not conform to the font size required by Local Rule of Civil Procedure 7.1(b)(1). All future filings by Plaintiff or his counsel shall comply fully with the Court's Local Rules.

- 2 -